**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JESSE D. WEST,

                              Plaintiff,

           - v -                                  Civ. No. 9:17-CV-621
                                                           (GTS/DJS)

HARKNESS, *et al.*,

                              Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

JESSE D. WEST
Plaintiff, *Pro Se*
17-B-3123
Altona Correctional Facility
555 Devils Den Road
Altona, NY 12910

CITY OF SYRACUSE LAW DEPARTMENT    TODD M. LONG, ESQ.
Counsel for Defendants
233 East Washington Street
300 City Hall
Syracuse, NY 13202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

      Plaintiff filed a Complaint in this matter on June 9, 2017, alleging that on February 24, 2017, a police officer sexually assaulted him in connection with an arrest. In particular, he alleges that the officer pulled down his pants and briefs and "ran his hand down between

[his] buttocks touching [his] rectum barehanded." Dkt. No. 1, Compl., p. 4; Dkt. No. 8, Amended Complaint ("Am. Compl."), p. 4.[1] On initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the District Court dismissed Plaintiff's claims against the Syracuse Police Department but permitted Plaintiff's claims for excessive force and failure to protect to go forward against the two individual police officers, then named as John Doe Defendants. To facilitate service of the unnamed Defendants, the Court ordered that the City of Syracuse Corporation Counsel attempt to ascertain the full names of the Defendants, as well as the address(es) where the Defendants could be served, so that Plaintiff could name and properly serve the then-unnamed Defendants. Dkt. No. 5, pp. 7-8. On August 1, 2017, Corporation Counsel filed with the Court, and served upon Plaintiff, the police records from the events in question, containing the names of the officers involved in the incident. Dkt. No. 6. On August 8, 2018, Plaintiff filed an Amended Complaint, naming the two officers, and also adding a cause of action for sexual assault. Dkt. No. 8. The District Court then performed an initial review on the Amended Complaint. Dkt. No. 12. The Court noted that the facts asserted in the Amended Complaint were identical to those alleged in the Complaint, and thus again found Plaintiff's claims of excessive force and failure to protect sufficient to survive the initial review. *Id.*

Presently before the Court is Defendants' Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 19. Discovery has been stayed

---

[1] Citations to the Complaints in this matter will be to the pagination assigned by the Court's CM/ECF system, as the Complaints are not paginated sequentially throughout.

in this action pending a decision on the Motion. Dkt. Nos. 20 & 22. Plaintiff has not filed any opposition to the Motion, despite being provided notice that his response was due October 30, 2017 (Dkt. No. 21), and thereafter being provided with an extension until February 16, 2018 following correspondence from Plaintiff advising that his location had changed (Dkt. No. 27), and being provided a final extension until March 16, 2018, following a request for appointment of counsel (Dkt. Nos. 30 & 31). Plaintiff then requested direction regarding responding to the Motion, and the Court sent Plaintiff a copy of the Prisoner Local Rules and the *Pro Se* Handbook, and in deference to Plaintiff's *pro se* status, granted Plaintiff an additional final extension through April 13, 2018. Plaintiff has still not opposed the Motion, but has submitted a request for subpoenas. Dkt. No. 35.

## II. DISCUSSION

### A. Standard

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted). In applying Rule 12(c), a court must utilize the same standard as that applicable to a motion under Rule 12(b)(6). *The Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all factual allegations in the complaint. *See Leatherman v. Tarrant Cty. Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 164 (1993) (citation omitted). Further, "the court should construe the complaint liberally and draw inferences from the plaintiff's allegations in the light most favorable to the plaintiff." *Tamayo v. City of New York*, 2004 WL 137198, at *5 (S.D.N.Y. Jan. 27, 2004) (citing *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), and must limit itself to facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint, *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the [ ] laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

*1. Consideration of Submissions Outside of the Pleadings*

Defendants contend that the Court should consider the police reports that they submitted in connection with the District Court's order to assist Plaintiff in identifying the

John Doe Defendants. Dkt. No. 19-2, Defs.' Mem. of Law, pp. 11-12. They assert that because Plaintiff may have relied upon the reports in identifying the Defendants, the Court should review this extrinsic evidence in ruling on their Motion. *Id.*

A motion on the pleadings is "a declaration that the plaintiff's complaint and incorporated materials are insufficient as a matter of law to support a claim upon which relief may be granted." *Halebian v. Berv*, 644 F.3d 122, 130-31 (2d Cir. 2011); *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 203 (2d Cir. 2013) (finding the lower court determination that the collective bargaining agreements should be considered as integral to the issues raised in the complaint to be error, because "the complaints . . . do not ground their claims in the CBAs. Nor, is it Plaintiffs' responsibility to plead the CBAs . . . rather, the CBAs have been raised as an affirmative defense and can properly be considered on a motion for summary judgment."); *Gomez v. City of New York*, 2017 WL 1034690, *4 (E.D.N.Y Mar. 16, 2017). "Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) . . . . Also, when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154-55 (2d Cir. 2002). As such, "[t]he test of a claim's substantive merits is reserved for the summary judgment procedure . . . where both parties may conduct appropriate discovery and submit the additional supporting material contemplated by that rule." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016) (internal quotation marks omitted).

Pursuant to the Federal Rules of Civil Procedure, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). A court may, however, consider certain limited types of submissions in a Rule 12(c) motion that were not filed with the complaint without converting the motion to a motion for summary judgment. Defendants contend that the documents "lie within matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Defs.' Mem. of Law at p. 12.

> [G]enerally, when contemplating a dismissal pursuant to . . . Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.

*Myers v. Camden Cent. School Dist.*, 2012 WL 2921574, *4 (N.D.N.Y. July 17, 2012). The police records were not attached as an exhibit to the Complaint, and they were not incorporated by reference in the Complaint. The Second Circuit has elaborated on the limited circumstances in which extrinsic evidence may be considered "integral," and such explanation is instructive.

> A document is integral to the complaint where the complaint relies heavily upon its terms and effect. Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotations from the document is not enough. In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls but which for

>  some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.

*Goel v. Bunge, Ltd.*, 820 F.3d at 558-59 (internal quotation marks and citations omitted). Thus, such evidence should only be considered in very limited circumstances on a motion for judgment on the pleadings. Any contention that the substance of the police reports are integral to the Complaint because Defendants provided the materials so that Plaintiff could obtain Defendants' names fails.

Defendants' contention that the Court should take judicial notice of these documents is also unsuccessful. Assuming that these records are of the type that a court could take judicial notice of, a court may take judicial notice of certain police records "only to establish their existence and legal effect, or to determine what statements [they] contained . . . not for the truth of the matters asserted." *Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209, 223 (N.D.N.Y. 2014) (internal quotation marks omitted). As such, taking judicial notice of the records would also not allow the Court to consider the substance of the reports.

The Court also declines to convert Defendants' Motion into one for summary judgment under Rule 12(d). No discovery has been undertaken in this matter; of note, discovery has been stayed since nine days after Defendants answered the Amended Complaint. Dkt. Nos. 17, 20, & 21; *see Gomez v. City of New York*, 2017 WL 1034690 at *4 (declining to convert motion for judgment on the pleadings to a motion for summary judgment where the records submitted by parties did not establish a comprehensive record).

Therefore, the Court will exclude the evidence submitted by Defendants, and not consider it on this Motion.  *See* FED. R. CIV. P. 12(d).

## B. Defendants' Contention that Plaintiff's Excessive Force Claim Should be Dismissed

Defendants contend that Plaintiff has failed to state a claim for excessive force because their actions were objectively reasonable.  Defs.' Mem. of Law at pp. 2-10.

The Fourth Amendment to the United States Constitution, which applies to the States through the Fourteenth Amendment, prohibits the use of excessive force by policemen in the course of an arrest.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'"  *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (citing *Graham v. Connor*, 490 U.S. at 397).  In determining "whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. . . . Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, [ ] its proper application requires careful attention to the facts and circumstances of each particular case."  *Graham v. Connor*, 490 U.S. at 396 (internal quotation marks and citations omitted).  As such, excessive force claims are generally not particularly well suited for a motion for judgment on the pleadings.

Moreover, where a plaintiff "claims that [an officer's] action in conducting [a] post-arrest search rise to the level of sexual assault, there is a genuine dispute of material fact regarding whether [the officer's] actions were unreasonable under the Fourth Amendment." *Anderson v. Waterbury Police Dep't*, 2017 WL 1157843 (D. Conn. Mar. 28, 2017) (denying motion for summary judgment upon finding a dispute as to whether the officer's actions were reasonable, where officer performed search that "took only a few seconds and involved [the officer] using a hand to make one swiping motion between [the plaintiff's] butt cheeks under his underwear, without loosening his belt or removing any of his clothing."). Here, construing Plaintiff's claims in the light most favorable to his claims, particularly in light of his *pro se* status, the Court cannot say that Plaintiff has failed to state a claim of excessive force.

Defendants also contend that allegations within Plaintiff's own pleadings are contradictory, because he both states that he was sexually assaulted, and states that he was searched pursuant to a concern that he was in possession of a weapon. Defs.' Mem. of Law at pp. 10-11. Defendants do not explain why these two allegations are inherently inconsistent; it is not clear that an individual could not be assaulted or subjected to excessive force while being searched pursuant to a concern that the individual is in possession of a weapon.

The Court therefore recommends denying Defendants' Motion for Judgment on the Pleadings regarding Plaintiff's excessive force claim, because this is not a case where

"judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d at 642.

### C. Defendants' Claim that Any Alleged Injury was Not Pled or is *De Minimis*

Defendants next contend that they should be awarded judgment on the pleadings because Plaintiff "alleges no actual and enunciated injury, but his perception of a mental, physical, and constitutional violation." Defs.' Mem. of Law at p. 16.

Plaintiff alleges in an attachment to his Amended Complaint that he "was mentally, physically, and constitutionally violated." Am. Compl. at pp. 7-8. Plaintiff has pled these injuries sufficiently to satisfy notice pleading requirements; additional specificity is not required, particularly in light of Plaintiff's *pro se* status. In addition, there is no requirement with these types of claims that Plaintiff allege an injury that is severe or serious in order to proceed with his claims. *See Daniels v. City of Binghamton*, 947 F. Supp. 590, 597 (N.D.N.Y. 1996) (finding, in response to contention that the plaintiff failed to state a claim because he pleaded no resulting injury other than "emotional distress," "[t]he fact that a plaintiff's injuries are not severe, or are relatively minor, [ ] does not foreclose an excessive force claim.") (citing *Robinson v. Via*, 821 F.2d 913, 924 (2d Cir. 1987)); *Messina v. Mazzeo*, 854 F. Supp. 116, 130-31 (E.D.N.Y. 1994); *see also Smith v. Yonkers Police Dep't*, 1995 WL 489461, *3 (S.D.N.Y. Aug. 16, 1995) ("Although plaintiff's injuries were concededly minor, this does not, as the defendants admit, 'deny the possibility of excessive force.'"). The Court therefore recommends denying Defendants' Motion on the basis that Plaintiff failed to sufficiently allege injury.

### D. Defendants' Contention that Plaintiff's Failure to Protect Claim Should be Dismissed

Defendants next contend that Plaintiff's claim for failure to protect should be dismissed. Defendants argue that this claim should be dismissed because the use of force was reasonable and there was therefore no constitutional violation from which to protect Plaintiff. Defs.' Mem. of Law at pp. 18-19. They also contend that Plaintiff fails to allege that the second officer had any knowledge of the use of excessive force, or had a realistic opportunity to intervene. *Id.* at p. 19.

As discussed above, at this stage of the matter, the pleadings do not establish that the use of force was reasonable. In addition, Plaintiff alleges that both officers were present for the alleged assault; in fact, a statement that Plaintiff attached to his Amended Complaint alleges that one of the officers pulled down his jeans and briefs, while the other officer allegedly assaulted him. Am. Compl. at p. 9. Plaintiff has therefore alleged facts on which it could be found that the second officer had knowledge of the use of force and had a realistic opportunity to intervene, as he was immediately present for the alleged use of force, and may have assisted the first officer with the use of force. As such, the Court recommends denying Defendants' Motion as pertains to Plaintiff's failure to intervene claim.

### E. Defendants' Contention that Plaintiff's Sexual Assault Claim Should be Dismissed

Defendants contend that Plaintiff fails to properly plead a claim for sexual assault under New York law, and that Plaintiff failed to plead compliance, and failed to comply, with New York General Municipal Law ("GML") § 50. Defs.' Mem. of Law at pp. 20-25.

Defendants' argument, however, misreads the Amended Complaint.

"Sexual misconduct by a police officer during a 'seizure' is analyzed under the Fourth Amendment." *Wright v. City of Waterbury*, 2011 WL 1106217, \*6 (D. Conn. Mar. 23, 2011); *see Santiago v. City of Yonkers Yonkers*, 2015 WL 6914799, \*7 (S.D.N.Y. Oct. 30, 2015) (citing *Poe v. Leonard*, 282 F.3d 123, 136-37 (2d Cir. 1993)); *see also* Dkt. No. 12, Initial Review of Am. Compl. (holding, on review pursuant to 28 U.S.C. § 1915(e)(2)(B), that Plaintiff's Fourth Amendment claims survived review and required a response). Defendants' state law contentions are therefore inapplicable to Plaintiff's Fourth Amendment claims. As such, the Court recommends that Defendants' Motion regarding Plaintiff's claim for sexual assault be denied, and that Plaintiff's Fourth Amendment claim of sexual assault be permitted to proceed.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Judgment on the Pleadings be **denied**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 29, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge