**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JESSE D. WEST,

                              Plaintiff,

      - v -                                      Civ. No. 9:17-CV-0621
                                                      (GTS/DJS)

JOHN HARKNESS and JOHN HARRIMAN,

                              Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

OFFICE OF JARROD W. SMITH          JARROD W. SMITH, ESQ.
Attorney for Plaintiff
11 South Main Street
P.O. Box 173
Jordan, New York 13080

OFFICE OF JEFFREY R. PARRY          JEFFREY R. PARRY, ESQ.
Attorney for Plaintiff
7030 East Genesee Street
Fayetteville, New York 13066

CITY OF SYRACUSE                        TODD M. LONG, ESQ.
CORPORATION COUNSEL              MARY L. D'AGOSTINO, ESQ.
Attorney for Defendants
233 East Washington Street
Room 300 City Hall
Syracuse, New York 13202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      This is an action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated

Plaintiff's civil rights. Presently pending is Defendants' Motion to Dismiss the

Complaint, pursuant to FED. R. CIV. P. 37 & 41. Dkt. No. 71. Plaintiff opposes the Motion. Dkt. No. 91. Defendants have filed a reply. Dkt. No. 95. For the reasons which follow, the Court recommends that the Motion to Dismiss be denied.

## I. FACTUAL BACKGROUND

Plaintiff commenced this action *pro se*. He has on numerous occasions during the course of this litigation failed to keep the Court and opposing counsel aware of his address and has apparently been in and out of the custody of various corrections departments several times. *See*, *e.g.*, Dkt. Nos. 25, 36, 48, & 58. This Court has shown particular solicitude to Plaintiff during this matter despite his failure to comply with court rules and orders.

The present Motion arose as a result of Plaintiff's most recent failure to comply with his discovery obligations in this case. Following Plaintiff's failure to comply with initial mandatory discovery obligations, Defendants moved to dismiss the action. Dkt. No. 56. The Court scheduled a telephone conference to discuss this motion, but Plaintiff failed to call into the conference. *See* Text Minute Entry for March 12, 2019. Shortly thereafter, however, Plaintiff advised the Court of a change of address and filed several additional requests for information and assistance with the Court. Dkt. Nos. 63 & 64. The conference was eventually rescheduled and with all parties present, the Court advised Plaintiff of his discovery obligations and set a new deadline for Plaintiff to provide Rule 26 disclosures. Dkt. No. 68. Defendants then withdrew their motion. *Id.*

Plaintiff's new deadline for providing initial disclosures was set for June 25, 2019. *Id.* Plaintiff did not meet this deadline and on July 2, 2019 Defendants filed the present

2

Motion to Dismiss based on that noncompliance. Dkt. No. 71. While proceeding *pro se* Plaintiff did not respond to this Motion. He did, however, make numerous, often duplicative, requests for court assistance and the appointment of counsel. *See* Dkt. Nos. 69, 70, 73, 74, 76, 77, 79, 80, 82, 83, & 84. Plaintiff's requests for the appointment of counsel was denied. Dkt. No. 78. Earlier this year, while this Motion was under consideration, two attorneys filed notices of appearance on behalf of Plaintiff. Dkt. Nos. 85 & 88. On January 30, 2020, the Court held another conference with all counsel at which a new deadline for providing initial disclosures to Defendants, February 7, 2020, was put in place and a new, expedited schedule for the completion of discovery and the filing of dispositive motions was established. Dkt. No. 90. Plaintiff's counsel has also now filed an opposition to the pending Motion, Dkt. No. 91, and advised the Court that they have provided Rule 26 disclosures to Defendants' counsel as well as served discovery demands. *See* Dkt. No. 91-1. Defendants have filed a reply in further support of their Motion. Dkt. No. 95.

## II. ANALYSIS

### A. Dismissal under FED. R. CIV. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). Whether to dismiss

pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Haywood v. Fuller*, 2019 WL 2442142, at *4 (N.D.N.Y. June 12, 2019).

The record in this case makes clear that Plaintiff has not fully complied with his obligations under the applicable court rules and failed to comply with orders of this Court. It is equally clear, however, that "the Second Circuit has indicated that resolving disputes on the merits is almost always preferable to dismissing them for failure to prosecute." *Hardesty v. Astrue*, 2011 WL 833611, at *3 (D. Conn. Mar. 3, 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir.2005)); *see also Jones v. King*, 2013 WL 815863, at *3 (S.D.N.Y. Mar. 4, 2013). In light of these considerations, the Court has evaluated the

factors enumerated in *Lewis* and *Lucas* and recommends that the Motion to Dismiss be denied.

The first factor, whether plaintiff's failure to prosecute has caused a delay of significant duration, clearly weighs in favor of Defendants' Motion. This case has seen significant delays attributable to Plaintiff's failure to keep the Court apprised of his address and to otherwise comply with his obligations as a party to this litigation. Also supporting Defendants' argument for dismissal is the fact that Plaintiff has been placed on notice that failure to prosecute or to comply could result in dismissal. Text Minute Entry for June 11, 2019. The remaining factors, however, counsel against granting the Motion.

While Defendants have undoubtedly been somewhat prejudiced by delays, the Court does not find that prejudice sufficient to warrant dismissal. First, while Defendants were clearly entitled to the initial disclosures they sought, the Court disagrees that Plaintiff's failure to provide them necessarily "caused discovery to come to a complete impasse" as Defendants suggest. Dkt. No. 71-3, Defs.' Mem. of Law at p. 5. Discovery deadlines were in place and Defendants clearly could have served discovery demands upon Plaintiff, even in the absence of initial disclosures. Those demands may have needed supplementation in light of any initial disclosures provided, but nothing precluded serving other demands. Had such discovery demands been served and not responded to Defendants' claim of prejudice would likely be stronger. Moreover, the operative question is what prejudice Defendants would face by "further delay." *Lewis v. Rawson*, 564 F.3d at 576. The Court has now set an expedited schedule for bringing this case to a

5

final resolution and with counsel having been retained the Court expects that the prior issues involving Plaintiff's noncompliance are unlikely to continue. In their Reply, Defendants note that after the January 30th conference "Defendants began to seek to locate witnesses" and learned that certain medical practitioners who may have treated Plaintiff in 2017 may no longer work at the facility where Plaintiff was treated. Dkt. No. 95, ¶ 12. As noted, Defendants had not been prohibited from engaging in discovery before January 30th. Nor does their apparent inability to locate witnesses during a roughly two-week period of time justify the severe sanction of dismissal here. Defendants can and should continue to attempt to locate those witnesses and if unsuccessful there may be less drastic sanctions that the Court could impose from any prejudice suffered as a result.

Nor does the Court's interest in managing its docket justify dismissal of this action without affording Plaintiff a final opportunity to press this case on the merits. As noted, resolution on the merits is preferable, *Jones v. King*, 2013 WL 815863, at *3, and here, while this matter has not proceeded as it should, it would also not be entirely accurate to state that Plaintiff has completely failed to prosecute this matter. This case is unlike others where the Court hears nothing at all from the plaintiff and the complete lack of contact exhibits an abandonment of the claim. Here, Plaintiff has made numerous requests to the Court and his retention of counsel shows his clear desire to prosecute the matter. Finally, the Court must consider sanctions less drastic than dismissal before granting a motion under Rule 41(b). *Haywood v. Fuller*, 2019 WL 2442142, at *4. Here, especially given the appearance of counsel, the less drastic remedy of imposing a limited window for

6

completion of discovery is appropriate to maintain the Court's control over its docket and to minimize any further prejudice to Defendants.

Accordingly, it is recommended that Defendants' Motion based on Rule 41(b) be denied.

### B. Dismissal under FED. R. CIV. P. 37

Defendants also seek dismissal of the Complaint pursuant to FED. R. CIV. P. 37(b)(2)(A)(v) as a sanction against Plaintiff for his failure to comply with the Court's June 11 Order to provide his Rule 26 disclosures. Defs.' Mem. of Law at pp. 9-11.

"It is well settled law in this Circuit that dismissal under FED. R. CIV. P. 37 is a drastic penalty which should be imposed only in extreme circumstances." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal quotation and alterations omitted). Dismissal under this Rule "should be ordered only when the [court] has considered lesser alternatives.'" *Deliser v. Miller*, 2015 WL 7575068, at *3 (N.D.N.Y. Oct. 20, 2015), *report and recommendation adopted*, 2015 WL 7573224 (N.D.N.Y. Nov. 25, 2015) (quoting *S. New England Tel. Co. v. Global NAPs Inc. ("SNET ")*, 624 F.3d 123, 144 (2d Cir. 2010)).

Here, while again noting Plaintiff's noncompliance, the Court has had the opportunity to discuss the need for compliance with an expedited discovery plan with Plaintiff's newly retained counsel. In light of that discussion, Plaintiff's deadline for providing mandatory disclosures was extended to February 7, 2020, Dkt. No. 90, and those Rule 26 disclosures have now been provided. Dkt. No. 91-1. Given these new developments dismissal based on Plaintiff's prior noncompliance would be an

7

inappropriate remedy here and the Court recommends that this basis for dismissal also be denied.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 71) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[1] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 18, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

8