UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSE D. WEST,

                     Plaintiff,

v.                                             9:17-CV-0621
                                              (GTS/DJS)
JOHN HARKNESS, #0304, Police Officer; and
JOHN HARRIMAN, #0463, Police Officer,

                     Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF JARROD W. SMITH                   JARROD W. SMITH, ESQ.
   Counsel for Plaintiff
11 South Main Street
P.O. Box 173
Jordan, New York 13080

OFFICE OF JEFFREY R. PARRY                   JEFFREY R. PARRY, ESQ.
   Co-Counsel for Plaintiff
7030 East Genesee Street
Fayetteville, New York 13066

GOLDBERG SEGALLA, LLP                          SHANNON T. O'CONNOR, ESQ.
   Counsel for Defendants
5786 Widewaters Parkway
Syracuse, New York 13214

HON. KRISTEN E. SMITH                              TODD M. LONG, ESQ.
Corporation Counsel for the City of Syracuse       MARY L. D'AGOSTINO, ESQ.
   Co-Counsel for Defendants                        Assistant Corporation Counsels
300 City Hall
233 East Washington Street
Syracuse, New York 13202

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this prisoner civil rights action filed by Jesse D. West ("Plaintiff") against the two above-captioned police officers employed in the City of Syracuse, New York ("Defendants"), are the following: (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that the Court deny Defendants' renewed motion to dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2); and (2) Defendants' Objections to the Report-Recommendation. (Dkt. Nos. 96, 97.) For the reasons set forth below, the Report-Recommendation is accepted and adopted, and Defendants' renewed motion to dismiss is denied.

I.     **RELEVANT BACKGROUND**

    A.     **Summary of the Report-Recommendation**

Generally, in his Report-Recommendation, the Magistrate Judge Stewart rendered the following six findings of fact and conclusions of law: (1) in applying the Second Circuit's five-factor test for determining whether to dismiss an action pursuant to Fed. R. Civ. P. 41(b), the Court should also consider the fact that, generally, the Second Circuit prefers to resolve disputes on the merits to dismissing them for failure to prosecute; (2) the first two relevant factors (i.e., whether the duration of Plaintiff's failures warrant dismissal, and whether Plaintiff was on notice that further delays would result in dismissal) weigh in favor of dismissal; (3) the third relevant factor (i.e., whether Defendants are likely to be prejudiced by a further delay) weighs against dismissal, because (a) despite Plaintiff's conduct, Defendants could have served discovery demands on him, and (b) the focus of this factor is whether Defendants would likely be

2

prejudiced by *further* delay, which they will not be, given that Plaintiff is now represented by counsel; (4) the fourth relevant factor (i.e., whether the Court's interest in alleviating its calendar congestion outweighs Plaintiff's right to further due process and a fair chance to be heard) weighs against dismissal, because (a) the case has not contributed significantly to its calendar congestion (given that Plaintiff has not completely failed to prosecute this matter), and (b) Plaintiff's right to further due process is strengthened by his recently demonstrated desire to prosecute this action and the fact that resolution on the merits is preferable; (5) the fifth relevant factor (i.e., whether lesser sanctions would be effective) weighs against dismissal, because the lesser sanction of imposing a limited time period in which to complete discovery would suffice to maintain the Court's control of its docket and to minimize any further prejudice to Defendants; and (6) the standard governing dismissal pursuant to Fed. R. Civ. P. 37(b)(2) is even stricter than the standard governing dismissal pursuant to Fed. R. Civ. P. 41(b), and here weighs against such dismissal for reasons similar to those discussed above. (Dkt. No. 96, at Part II.)

**B.     Summary of Defendants' Objections to the Report-Recommendation**

Generally, in their Objections, Defendants assert the following five arguments: (1) the Second Circuit's general preference to resolve disputes on the merits to dismissing them for failure to prosecute does not immunize Plaintiff's Amended Complaint from dismissal under the circumstances; (2) Magistrate Judge Stewart erred in weighing the third relevant factor (i.e., whether Defendants are likely to be prejudiced by a further delay), because (a) such prejudice may be, and should have been, presumed here, given the more-than four-month duration of Plaintiff's failures, (b) by blaming Defendants for not ameliorating the prejudice they were experiencing by serving discovery demands, Magistrate Judge Stewart improperly shifted the

3

burden of prosecution to them, which is contrary to the purpose of the federal discovery rules, and (c) Magistrate Judge Stewart's reliance on Plaintiff's new retention of counsel as proof that his noncompliance is unlikely to continue ignores the future effects of delays already experienced by Defendants (e.g., their difficulty in locating witnesses regarding the three-year-old events giving rise to this action); (3) Magistrate Judge Stewart erred in weighing the fourth relevant factor (i.e., whether the Court's interest in alleviating court calendar congestion outweighs Plaintiff's right to further due process and a fair chance to be heard), because in weighing this factor he placed too much emphasis on the fact that Plaintiff recently retained counsel, which does not excuse (and which in fact highlights) his previous disregard of Court orders; (4) Magistrate Judge Stewart erred in weighing the fifth relevant factor (i.e., whether lesser sanctions would be effective), because the imposition of an expedited discovery schedule (on a litigant who has recently retained counsel) cannot reasonably be found to constitute a "sanction"; and (5) Magistrate Judge Stewart erred in applying the standard governing dismissal pursuant to Fed. R. Civ. P. 37(b)(2), because (a) the closest he came to expressly weighing the relevant four factors involved in that standard was by treating an expedited discovery schedule as an effective lesser sanction (which it is not), and (b) in any event, none of those four factors involve consideration of whether the non-movant recently retained counsel (a fact that Magistrate Judge Stewart heavily relied on when applying this rule). (Dkt. No. 97, at Points I and II.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must,

with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including the Magistrate Judge Stewart's Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Defendants have specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court would add the following analysis.

The Court rejects Defendants' first objection because, rather than treating the Second Circuit's general preference (to resolve disputes on the merits to dismissing them for failure to prosecute) as an immunity to dismissal, Magistrate Judge Stewart expressly treated it as merely a consideration. (Dkt. No. 96, at 4-5, 6.) This was, and is, entirely proper.

Regarding Defendants' second, third and fourth objections, generally those objections lack merit not because they do not raise some valid points (which they do), but because they neglect to consider the *degree* to which each of the five factors weighs in favor of, or against,

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

7

dismissal. When those degrees are considered, even the most careful balancing of those factors weighs decidedly against dismissal at this time.

The first factor weighs lightly in favor of dismissal. Although the mandatory pretrial discovery and scheduling order was issued on October 4, 2017, discovery was stayed pending the outcome of Defendants' motion for judgment on the pleadings. Discovery was not resumed until more than ten months later, on August 15, 2018, whereupon the deadline for Plaintiff's mandatory disclosures was set at October 15, 2018. However, the deadline for those mandatory disclosures was extended–at Defendants' request–to November 5, 2018. Moreover, it was extended again (albeit at Plaintiff's request) to January 19, 2019. Defendants renewed their motion on July 2, 2019. As a result, by the time Defendants renewed their motion, the duration of Plaintiff's delay in providing his mandatory disclosures was less than six months (not three years).

The second factor also weighs lightly in favor of dismissal. Although Plaintiff rather promptly received notice from Defendants (on January 30, 2019) that his continued failure to provide mandatory disclosures would result in dismissal, that notice was not echoed by the Court until the end of the above-referenced six-month period (i.e., on June 11, 2019). (Dkt. No. 56; Text Minute Entry dated June 11, 2019.)

The third factor is neutral, weighing as much against dismissal as in favor of it. Even if prejudice is presumed, it has been rebutted under the circumstances. Without more of a showing by Defendants, it strains credulity to believe that a six-month delay in learning the names of Plaintiff's purported witnesses (even witnesses to events that occurred approximately two years before) would prejudice Defendants significantly more than it would prejudice Plaintiff.

The fourth factor weighs heavily against dismissal. In recent years, the Court's calendar congestion has improved somewhat, and Magistrate Judge Stewart is correct that Plaintiff's case has not contributed significantly to that congestion. Moreover, Plaintiff's right to further due process and a fair chance to be heard on his civil rights claims is something on which the Second Circuit places great importance. Simply stated, the Court is confident that the Second Circuit would find that this factor weighs heavily against dismissal under the circumstances.

The fifth factor also weighs heavily against dismissal. Now that Plaintiff is represented by two attorneys (who will, no doubt, faithfully observe their ethical obligations to opposing counsel and the Court), it is difficult to imagine how a stern warning to Plaintiff, coupled with an expedited discovery deadline (and a willingness to reasonably extend whatever deadlines Defendants should need), will not suffice to avoid further prejudice to Defendants. On this subject, the Court would add only that, should Defendants be able to show, before or during trial, that they have been unable to adduce evidence (despite the exercise of due diligence) as a result of Plaintiff's discovery violations, the Court will entertain a motion to preclude Plaintiff from adducing related evidence.

Finally, the Court rejects Defendants' fifth objection because, even setting aside the recent retention of counsel as a separate factor, the four factors to be considered when determining whether to dismiss an action pursuant to Fed. R. Civ. P. 37(b)(2) weigh against dismissal. The willfulness factor weighs lightly in favor of dismissal, because Plaintiff's dilatoriness (although not excusable) appears to be the product of ignorance and incarceration as much as the product of impudence. Moreover, the duration-of-non-compliance factor and the prior-warning factor weighs lightly in favor of dismissal for the reasons stated above. However,

the efficacy-of-lesser-sanctions factor weighs heavily against dismissal for the reasons stated above. When the Court carefully weighs these factors, it finds that the heaviness of this fourth factor outweighs the lightness of the three previously discussed factors.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 96) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' renewed motion to dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2) (Dkt. No. 71) is **DENIED**.

Dated: March 12, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge