UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSE D. WEST,

                         Plaintiff,

v.                                                          9:17-CV-0621
                                                            (GTS/DJS)
JOHN HARKNESS, #0304, Police Officer; and
JOHN HARRIMAN, #0463, Police Officer,

                         Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

PARRY & SMITH                                   JARROD W. SMITH, ESQ.
  Counsel for Plaintiff
11 South Main Street
P.O. Box 173
Jordan, NY 13080

CITY OF SYRACUSE LAW DEPARTMENT                 PATRICK R. BLOOD, ESQ.
  Counsel for Defendants
233 East Washington Street
300 City Hall
Syracuse, NY 13202

GOLDBERG SEGALLA                                SHANNON T. O'CONNOR, ESQ.
  Co-Counsel for Defendants                     ALEXANDER J. BLOOD, ESQ.
5786 Widewaters Parkway
Syracuse, NY 13214

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed by Jesse D. West ("Plaintiff")

against City of Syracuse police officers John Harkness and John Harriman ("Defendants"), is

Defendants' motion for reconsideration of the Court's Decision and Order of September 21,

2021.  (Dkt. No. 125.)  For the reasons set forth below, Defendants' motion is denied.

I.     **BACKGROUND**

   A.     **Relevant Procedural History**

   Plaintiff's Amended Complaint alleges, in pertinent part, that, with the help of Defendant Harkness, Defendant Harriman "pulled [Plaintiff's] jeans and boxer briefs down and ran his hand down between [his] buttocks touching [his] rectum barehanded. I was brought to the hospital to have a rape kit done."  (Dkt. No. 8, at Part IV.)  Based on these factual allegations, the Amended Complaint asserts three claims: (1) a claim of "excessive force" in "violation [of] one or more of [his] constitutional rights"; (2) a claim of "failure to protect" Plaintiff from the use of that excessive force in "violation [of] one or more of [his] constitutional rights"; and (3) a claim of "sexual assault."  (Dkt. No. 8, at Part V.)

   In an affidavit regarding a Report-Recommendation by U.S. Magistrate Judge Daniel J. Stewart (which recommended the denial of Defendants' motion to dismiss these three claims for failure to state a claim), Plaintiff stated, "[Although] U.S. Magistrate Judge Daniel J. Stewart . . . recommends that . . . Plaintiff's Fourth Amendment claim of sexual assault be permitted to proceed . . . [,] I'm not seeking to file charges against . . . [Defendants] for sexual assault and related charges . . . ."  (Dkt. No. 40, at 2.)

   In its Decision and Order of August 7, 2018, adopting Magistrate Judge Stewart's Report-Recommendation, the Court liberally construed this affidavit as "either (1) a belated Objection to that portion of the Report-Recommendation recommending that Plaintiff's Fourth Amendment sexual assault claim be permitted to proceed . . . , or (2) a request to voluntarily discontinue his Fourth Amendment sexual assault claim pursuant to Fed. R. Civ. P. 41(a)(2)."  (Dkt. No. 41, at

2

2-3.)  Then the Court explained that, "[r]egardless of the construction, the result would be the same: the Court finds that cause has been shown for the dismissal of Plaintiff's Fourth Amendment sexual assault claim."  (*Id*. at 3.)  As a result, surviving the Court's Decision and Order of August 7, 2018, were two claims: (1) a claim of excessive force in violation of the Fourth Amendment; and (2) a claim of failure to protect in violation of the Fourth Amendment. (*Id*.)

In its Decision and Order of September 21, 2021 (denying Defendants' motion for summary judgment), the Court "observ[ed] that, although Plaintiff has articulated his [first] claim as one for 'excessive force' in his Amended Complaint, the factual allegations supporting that claim do not regard a use of force, but rather are more appropriately characterized as supporting a claim for an unreasonable search."  (Dkt. No. 124, at 22.)

## B.    Summary of Defendants' Arguments

In their motion for reconsideration, Defendants assert four arguments.  (Dkt. No. 125, Attach. 1.)  First, Defendants argue, the Court has committed a clear error of law by *sua sponte* reframing Plaintiff's claim for excessive force as one for an unreasonable search, because that reframing violated the law-of-the-case doctrine given that, in its Decision and Order of September 21, 2021, the Court had dismissed with prejudice Plaintiff's claim for sexual assault, which Magistrate Judge Stewart had previously found (on pages 9, 11 and 12 of his Report-Recommendation of May 29, 2018) arose from an alleged unreasonable search (as such claims can do under the law).  (*Id*. at 4-6.)

Second, the Court has committed a clear error of law by *sua sponte* reframing Plaintiff's claim for excessive force as one for an unreasonable search, because its belatedness has

3

substantially prejudiced Defendants, who conducted discovery only on a claim for excessive force (the governing elements of which involve consideration of "the severity of the crime at issue," "whether the arrestee poses an immediate threat to the officer or passerby," and "whether the arrestee is actively resisting arrest or attempting to evade arrest by flight"), which differs from a claim for an unreasonable search (the governing elements of which involve consideration of "the scope of the particular intrusion, the manner in which it is concluded, the justification for initiating, and the place in which it is conduct"). (*Id*. at 7-11.)

Third, Defendants argue, the Court has committed a clear error of law by *sua sponte* reframing Plaintiff's claim for excessive force as one for an unreasonable search, because a plaintiff's *pro se* pleading is no longer entitled to extra-liberal construction after that plaintiff becomes represented by counsel. (*Id*. at 11-14.)

Fourth, Defendants argue, the Court has committed a clear error of law by neglecting to rule on Defendants' second argument in their reply memorandum of law, which was based on Plaintiff's failure to respond to (and thus his effective concession to) Defendants' substantive arguments regarding his claims. (*Id*. at 11; *see also* Dkt. No. 124, at 17 [describing basis for argument].)

## II.    GOVERNING LEGAL STANDARD

Because the parties have demonstrated in their memoranda of law an adequate understanding of the governing legal standard, the Court will not repeat it in this Decision and Order, which is intended primarily for the review of the parties. (Dkt. No. 125, Attach. 1. at 3-4; Dkt. No. 131, at 1.)

## III.   ANALYSIS

4

The Court begins by acknowledging that the claim at issue in Defendants' motion (i.e.,

the "First Claim" listed in Dkt. No. 8, at 5) has been extra-liberally construed in two different

ways by the Court, first as an "excessive force" claim (Dkt. No. 12, at 3-4; Dkt. No. 39, at 8-9;

Dkt. No. 41, at 2-3) and then as an "unreasonable search" claim (Dkt. No. 124, at 21-24 & n.19).

While the Court certainly regrets this inconsistency, it observes that the inconsistency stems

partly from the fact that the incident complained of involved an (allegedly) invasive search by

Defendants through the use of force, the fact that Plaintiff was proceeding *pro se* when he filed

the claim, and the fact that the duty to extra-liberally construe a *pro se* plaintiff's complaint (like

the duty to liberally construe any complaint) falls not only on the Court but, as a practical matter,

on a defendant.[1] This last fact is true because, if defense counsel fails to extra liberally construe a

*pro se* plaintiff's complaint, the Court must do so;[2] furthermore, if the Court discerns an

_____

[1]       *See, e.g., Montpelier v. Green Mountain Care*, 19-CV-884, 2019 WL 5102715, at
*3 (D. Vt. Oct. 11, 2019) ("Giving the Plaintiff's *pro se* Complaint the *required* liberal reading,
Defendants have construed the Complaint as asserting a cause of action under 42 U.S.C. §
1983.") [emphasis added]; *Page v. Vt. Dep't of Corr.,* 11-CV-0187, 2012 WL 2153496, at *5 (D.
Vt. May 4, 2012) ("[I]n giving Ms. Page's *pro se* Complaint the *required* liberal reading,
Defendants allow for the possibility of a procedural due process claim under the Fourteenth
Amendment.") [emphasis added]; *DePhillips v. Town of Riverhead*, 04-CV-5570, at *2
(E.D.N.Y. May 16, 2006) ("Although DePhillips now states that her original complaint does not
set forth claims for physical or emotional injury, the court and the defendants, liberally
construing the *pro se* complaint *as they are required to do*, reasonably construed her original
complaint to contain such claims.") [emphasis added]; *cf. Liqiang Wei v. Hoffman,* 18-CV-0647,
2018 WL 4266129, at *2, n.1 (N.D.N.Y. Aug. 14, 2018) (Peebles, M.J.) ("Both the original and
amended complaint, however, violate Rules 8 and 10 of the Federal Rules of Civil Procedure,
and fail to allege sufficient facts from which the court or any defendant could liberally construe a
cognizable claim.").  The Court notes that Fed. R. Civ. P. 8(e), from which the concept of liberal
construction springs, states that "[p]leadings must be construed so as to do justice" but
conspicuously does not state by whom the construction must be performed.

[2]       *See Rodriguez v. Estate of Drown*, 10-CV-1172, 2011 WL 4592386, at *6
(N.D.N.Y. Sept. 30, 2011) (Suddaby, J.) ("While Defendant did not specifically challenge this
portion of [the *pro se*] Plaintiff's due process claim in his memorandum of law (no doubt because

additional or different claim, the defendant has not filed a dispositive motion that seeks the disposition of the *pro se* plaintiff's complaint in its entirety.[3]  Defense counsel is respectfully advised to remember this fact the next time they endeavor to construe a *pro se* pleading in preparation for a dispositive motion (as the Court will do in deciding it).

Turning to the four arguments asserted by Defendants on their motion for reconsideration, for ease of analysis, the Court will address those arguments out of order.

### A.    Whether the Court Has Committed a Clear Error of Law by Failing to Rule on Defendants' Underlying Argument that Plaintiff Had Effectively Conceded the Merit of Defendants' Substantive Challenges to His Claims

The Court answers this question in the negative.  In their underlying memorandum of law-in-chief, Defendants argued, in pertinent part, that they are entitled to judgment as a matter of law on Plaintiff's excessive-force claim, because of the undisputed record evidence establishing that the force used was reasonable based on (a) the severity of the crime at issue, (b) the fact that Plaintiff had resisted arrest before the search, (c) the fact that Plaintiff had repeatedly pressed his body against the wall of the van and reached toward his waistband, a place where it is common for individuals to carry or conceal weapons, and (d) the fact that Plaintiff suffered only a de minimis injury.  (Dkt. No. 117, Attach. 15, at 8-17.)

In his underlying opposition memorandum of law, Plaintiff responded by arguing that the

---

it takes an extension of special solicitude to Plaintiff to discern that portion of his claim in his Complaint), it was proper for Magistrate Judge Lowe to do so pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).").

[3]    *See, e.g., Ford v. Smith*, 11-CV-0212, 2012 WL 4492181, at *6 (N.D.N.Y. Sept. 28, 2012) (Suddaby, J.); *Green v. LaClair*, 07-CV-0351, 2012 WL 1144569, at *14, 20 (N.D.N.Y. Feb. 24, 2012) (Peebles, M.J.), *adopted*, 2012 WL 1048764 (N.D.N.Y. Mar. 28, 2012) (Suddaby, J.).

amount of force used was both significant and unnecessary, because Defendants admittedly stripped Plaintiff to his pants and underwear in violation of their own use-of-force policy's directives regarding "the proper execution of a search incident to a lawful arrest." (Dkt. No. 122, Attach. 19, at 6-7.)

In other words, Plaintiff responded by relying on "*Graham* factors"[4] other than those relied on by Defendants. In its Decision and Order of September 21, 2019, the Court implicitly found Defendants' argument (that Plaintiff had so completely failed to respond to their arguments as to effectively concede the merits of those arguments) to be so without merit as to not warrant discussion. Simply stated, the Court had (and still has) trouble construing Plaintiff's reliance on some of the relevant *Graham* factors as a concession to Defendants' reliance on other of the relevant *Graham* factors.

In any event, even if the Court were so construe Plaintiff's response, the Court would (and does) find that Defendants have not met their modest threshold burden on this argument. As the Court pointed out in its prior Decision and Order, "when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a 'modest' burden." (Dkt. No. 124, at 20-21.) Simply stated, the Court cannot ignore the admissible record evidence that Plaintiff has clearly adduced controverting the relevant portion of Defendants' version of the events in the van.

_____

[4]    *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("[The] proper application [of the of reasonableness under the Fourth Amendment on a claim of excessive force] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.").

B.      **Whether the Court Has Committed a Clear Error of Law by Violating the Law-of-the-Case Doctrine**

The Court answers this question in the negative. As a threshold matter, the Court notes that, by previously dismissing Plaintiff's sexual-assault claim, it never dismissed his unreasonable-search claim. Although a claim for sexual assault can certainly be related to a claim for unreasonable search, a claim for sexual assault can be different from a claim of unreasonable search.[5] In addition, although a claim for excessive force may be related to both claims, a claim for excessive force can be different from both of these claims.[6] Simply stated, Defendants are mistaken in believing that a ruling as to one claim constitutes a ruling as to the other claim.

Even if the Court previously dismissed Plaintiff's unreasonable-search claim (which it did not), as the Second Circuit has explained, "[T]he law of the case is . . . a rule of practice

---

[5]      The factual allegations giving rise to a claim for an unreasonable search can also give rise to claim for a sexual assault. *See Anderson v. Waterbury Police Dep't*, 14-CV-0829, 2017 WL 1157843, at *11 (D. Conn. Mar. 28, 2017) ("[A] post-arrest search [can] rise to the level of sexual assault . . . .").

[6]      The factual allegations giving rise to a claim for the use of excessive force can also give rise to claim for a sexual assault. *See Wright v. City of Waterbury*, 07-CV-0306, 2011 WL 1106217, at *6 (D. Conn. Mar. 23, 2011) ("Sexual misconduct by a police officer during a 'seizure' is analyzed under the Fourth Amendment."); *Santiago v. City of Yonkers Yonkers*, 13-CV-1077, 2015 WL 6914799, at *7 (S.D.N.Y. Oct. 30, 2015) ("[S]exual misconduct by a police officer during a seizure is analyzed under the Fourth Amendment.") (citing *Poe v. Leonard*, 282 F.3d 123, 136-37 [2d Cir. 1993]). Moreover, the factual allegations giving rise to a claim for the use of excessive force can also give rise to claim for an unreasonable search. *See, e.g., Crawford v. Cuomo,* 796 F.3d 252, 258 (2d Cir. 2015) (explaining that physically invasive searches which might otherwise amount to excessive force are permissible when officers are seeking contraband); *Birch v. Danzi*, 18-CV-0839, 2018 WL 3613016, at *3 (E.D.N.Y. July 26, 2019) ("Plaintiff also stated during oral argument that the events giving rise to his excessive force and unlawful search claims occurred at the time of and immediately following his arrest, respectively.").

which may be departed from in the sound discretion of the district court. The first judge always

has the power to change a ruling; further reflection may allow a better informed ruling in

accordance with the conscience of the court." *Corporacion de Mercadeo Agricola v. Mellon*

*Bank Int'l*, 608 F.2d 43, 48 (2d Cir.1979); *see also United States v. Birney*, 686 F.2d 102, 107 (2d

Cir.1982) ("The doctrine of the law of the case is not an inviolate rule.").

### C.    Whether the Court Has Committed a Clear Error of Law by Extending Extra-Liberal Construction to a *Pro Se* Amended Complaint After Plaintiff Has Become Represented by Counsel

The Court answers this question in the negative.  Defendants argue vehemently that a

plaintiff is not entitled to an extra-liberal construction of his *pro se* complaint after he becomes

represented by counsel and that counsel declines the opportunity to amend the complaint.  (Dkt.

No. 125, Attach. 1, at 13.)  However, Defendants cite no cases supporting that point of law.   (Id.

at 11-14.)

Granted, one case supports that point of law.  See *Reed v. McLochlin*, 962 F.2d 10, at *1

(7th Cir. 1992) ("[E]ven though Reed filed his original complaint *pro se*, he is not entitled the

liberal construction of his pleadings accorded to *pro se* litigants under *Haines v. Kerner*, 404

U.S. 519 (1972), because he was represented by counsel throughout the summary judgment

proceeding."). However, the court did so in an unpublished  decision that relies on a case that is

clearly inapposite.  *See Reed*, 962 F.2d 10, at *1 (relying on *Benson v. Cady*, 761 F.2d 335, 338

[7th Cir.1985], which stands merely for the point of law that, where an "amended complaint . . .

was drafted by an attorney, [it] is not entitled to the protection afforded *pro se* complaints under

*Haines v. Kerner*, 404 U.S. 519 . . . (1972)").

Moreover, all of the other cases support the *contrary* point law, doing so either expressly,

9

*see, e.g., Torrico v. Int'l Bus. Machines Corp.*, 213 F.Supp.2d 390, 399 n.4 (S.D.N.Y.2002) ("[E]ven though counsel now has appeared for [plaintiff], the Court also labors under an obligation to construe [plaintiff's] *pro se* complaint liberally to raise the strongest arguments it suggests . . . .")[7] or implicitly, *see, e.g., Thomas v. Andrews*, 97-CV-0267, 2006 WL 2827682, at *6 n.16 (W.D.N.Y. Sept. 29, 2006) ("The Court would, in an appropriate case, perhaps construe the allegations liberally even where a plaintiff is currently represented by counsel but had drafted the operative complaint *pro se*.").[8]

This is because the need for extra-liberal construction results from a *pro se* litigant's lack of experience or familiarity with legal procedure or terminology. *See Salahuddin v. Coughlin*, 781 F.2d 24, 28-29 (2d Cir. 1986) ("It is familiar ground that *pro se* complaints are to be liberally construed . . . . That approach assures that a person unfamiliar with the lawyerlike method of pleading claims will not have a complaint summarily dismissed if it sets forth matters that, with

---

[7]     *See also Smadi v. True*, 18-CV-2149, 2021 WL 2853262, at *2 n.1 (S.D. Ill. July 8, 2021) (noting that the court must construe the allegations liberally in favor of the *pro se* plaintiff because, "[a]lthough currently represented by counsel, Plaintiff was unrepresented when he filed the Complaint"); *Henry v. Adventis Health Castle Med. Ctr.*, 363 F.Supp.3d 1128, 1132-33 (D. Hawaii 2019) (construing a plaintiff's "*pro se* pleadings" liberally in deciding defendants' motion for summary judgment, even though the plaintiff's current attorney advised the court at a hearing that "another attorney . . . had edited Plaintiff's *pro se* pleadings," because "the extent to which [the other attorney had] assisted Plaintiff is not otherwise clear"); *Washington v. Veritiss*, 14-CV-1250, 2015 WL 965931 (E.D. Va. March 4, 2015) ("Even though Plaintiff is now represented by counsel, the Court has liberally construed Plaintiff's Complaint as if she were proceeding *pro se*."); *Stovall v. Grazioli*, 16-CV-4839, 2018 WL 4110925, at *1 (D. N.J. Aug. 29, 2018) ("Counsel for Plaintiff did not respond to the Court's Order. Because Plaintiff was proceeding *pro se* when she drafted the Complaint, the Court interprets it liberally.").

[8]     *See also Connell v. U.S.*, 98-CV-2094, 1998 WL 1033081, at *2 n.4 (N.D. Ohio Dec. 7, 1998) ("Although now represented by counsel, Petitioners are advised that despite the fact that *pro se* pleadings are liberally construed . . . , a non-attorney may not represent the interests of others.").

some refinement, can constitute legally sufficient claims.") (citations omitted).  For this reason,

the duty to extra liberally construe a complaint or motion paper is coextensive with whether the

filing party was proceeding *pro se* at the time of filing.  For example, if the filing party was

proceeding *pro se* at the time of filing, the filing party is entitled to an extra-liberal construction,

even if he or she became represented at a later time, such as an appeal.[9]  However, if the filing

party was not proceeding *pro se* at the time of filing, he or she is not entitled to an extra-liberal

construction, even where he or she comes to proceed *pro se* later in the action.[10]  Nor is a filing

party entitled to an extra-liberal construction of a motion paper filed through counsel where he or

she was proceeding *pro se* when the complaint was filed and is again proceeding *pro se* later in

the action.[11]  Indeed, two courts have held that a plaintiff is entitled to an extra-liberal

---

[9]      *See Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 n.3 (2nd Cir.2000) ("While counsel now has appeared on behalf of each of the plaintiffs in this appeal, the plaintiffs' complaint initially was filed in the District Court *pro se*. We therefore evaluate the sufficiency of the complaint using the less stringent standard applicable to *pro se* plaintiffs."); *Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir.1989) (construing a *pro se* complaint liberally despite fact that counsel was appearing on behalf of plaintiff on appeal).

[10]      *See de Ganay v. de Ganay*, 11-CV-6490, 2013 WL 1797993, at *2 n. 4 (S.D.N.Y. Apr. 29, 2013) (explaining that "a court need not liberally construe [a] plaintiffs complaint" where, although he is currently proceeding *pro se*, "plaintiff was represented by counsel at the time [he] filed [his] complaint"); *McQueen v. Ala. Dep't of Trans.*, 17-CV-0215, 2018 WL 2709319, at *4 (M.D. Ala. June 5, 2018) (holding that, where an amended complaint was drafted by counsel, the court was not required to apply any *pro se* liberal interpretation to that amended complaint, even though plaintiff was now appearing *pro se*).

[11]      *See Sabbeth v. Mandarino*, 07-CV-1960, 2008 WL 11470895, at *2 n.1 (E.D.N.Y. Sept. 30, 2008) ("Although a court must read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest . . . , the Court notes that Plaintiffs are currently *pro se* but that Plaintiffs were represented by counsel at the time Defendants filed the instant motion and at the time Plaintiffs filed their opposition papers."); *McQueen*, 2018 WL 2709319, at *4 (holding that, where a response to a motion to dismiss was drafted by counsel, the court was not required to apply any *pro se* liberal interpretation to that response, even though plaintiff was now appearing *pro se*).

construction of even a complaint *that was filed through counsel* if the plaintiff is now proceeding *pro se* later in the action (although the Court respectfully disagrees with the necessity of an extra-liberal construction in that circumstance).[12]

Simply stated, whether or not a newly acquired counsel has declined to file a motion for leave to amend an already amended complaint (especially one that, as here, must be preceded by a successful motion for leave to extend the relevant motion-filing deadline from a pre-trial scheduling order, upon a showing of good cause)[13] has absolutely no bearing on whether the plaintiff, when he filed the amended complaint *pro se*, lacked familiarity with the lawyerlike method of pleading claims. A mere glance at the Statement of Facts Section and Statement of Claims Section of both his handwritten original Complaint and his handwritten Amended Complaint provides the answer to that question.  (*See generally* Dkt. Nos. 1, 8.)

Indeed, the Court is tempted to go so far as to find that, even if it were not to have *extra* liberally construed Plaintiff's Amended Complaint, it would have reached the same conclusion by merely liberally construing that Amended Complaint. It must be remembered that *all*

---

[12]    *See Geaney v. McCarron*, 01-CV-9260, 2003 WL 170197530, at *2 n.1 (S.D.N.Y. March 31, 2003) ("While Plaintiff had the assistance of counsel in drafting her complaint, since she currently proceeds in this action *pro se* and has not submitted a response to this motion, the Court construes her complaint liberally."); *Bradford v. U.S. Bank Nat. Ass'n*, 11-CV-0825, 2011 WL 6780780, at *2 (S.D. Ohio Dec. 27, 2011) ("Plaintiff had counsel at the time he filed this action, but is currently proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.").

[13]    The Court notes that Plaintiff filed his Amended Complaint on August 8, 2017, the deadline for filing motions to amend pleadings expired on February 5, 2018 (having never been extended), and he became represented by counsel on January 27, 2020.  (Dkt. Nos. 8, 18, 20, 22, 85.)  The Court notes also that it was only the deadline for *dispositive* motions that was extended to March 15, 2021.  (Dkt. Nos. 107, 110, 115.)

pleadings (not only those of *pro se* litigants) must be construed "liberally." *See* Fed. R. Civ. P.

8(e) ("Pleadings must be construed so as to do justice.").[14]  As a result, even pursuant to the

*Twombly/Iqbal* standard, a complaint need not "[]perfect[ly] state[] . . . the legal theory

supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014)

(holding that there were no grounds for dismissal where the plaintiffs failed to invoke 42 U.S.C.

§ 1983 in their complaint but they invoked the Fourteenth Amendment and pled facts plausibly

suggesting a claim § 1983).

    Here, Plaintiff's Amended Complaint and attachment use the words "pat frisk" or "frisk

search" three times in describing the conduct being challenged.  (Dkt. No. 1, at 7 ["I was pat

frisked . . . .  After being pat frisked one of said officers ran his hand down between my buttocks

touching my rectum barehand[ed] . . . ."], 9 ["I was placed in hand-cuffs in the house and was

lead to a car where I was pat-frisk by a officer then I was placed . . . [in] the paddy-wagon where .

. . [an] unknown officer pulled my jeans down [and] boxer briefs down and ran his hand down

between my buttocks touching my rectum barehand[ed]. . . . [B]efore I was brought [to the

hospital] I was frisk-searched again which I feel was a way for them to wipe me down."].)

    When viewed liberally, the mere fact that a plaintiff (whether or not counseled) has

stepped on the wrong side of the fine line between the use of the words "excessive force" and the

use of the words "unreasonable search" under these circumstances would not appear to warrant

ejecting him from federal court on his claim. Indeed, mischaracterizing the main claim in this

action as one for excessive force would erect a straw man for Defendants to quickly bat down,

---

[14]    *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) ("In making this
assessment [of the pleading sufficiency of a complaint filed by a plaintiff represented by
counsel], we must . . . construe the complaint liberally.") (internal quotation marks omitted).

given the brevity of the challenged conduct, its proximity to Plaintiff's efforts to resist arrest, and the limited extent of any resulting physical injury. The real claim, the "*just*[]" claim under Fed. R. Civ. P. 8(e), arises from the question "Why would Defendant Harriman allegedly make skin and skin contact with Plaintiff's anus in search of a *weapon* (especially after not having discovered a weapon in Plaintiff's jeans or boxer briefs)?" Such a claim regards a search that was (allegedly) more invasive than was needed to achieve its mission and thus was, in a word, *unreasonable*.

However, because sufficient authority exists on which to base an extension of extra-liberal construction to Plaintiff's *pro se* Amended Complaint, the Court need not (and does not) reach a conclusion about whether it would reach the same conclusion through merely a liberal construction of the Amended Complaint.

### D.    Whether the Court Has Committed a Clear Error of Law by Substantially Prejudicing Defendants in Terms of Discovery

Finally, the Court answers this question also in the negative.  Granted, the elements of a claim for an unreasonable search differ from the elements of a claim for excessive force. Generally, the elements of a claim for an unreasonable search are the following: (1) the defendant willfully conducted a search of the plaintiff; and (2) the search was objectively unreasonable under the circumstances. In deciding whether the second element has been satisfied, a fact finder must consider the following factors (among others): (a) the scope of the particular intrusion; (b) the manner in which it is conducted; (c) the justification for initiating it; and (d) the place in which it is conducted.  *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).  Generally, the elements of a claim for excessive force are the following: (1) the defendant wilfully used force, (2) the force

was unreasonable under the circumstances, and (3) the force caused the plaintiff to suffer at least

some harm.  In deciding whether the second element has been satisfied, a fact finder must

consider the following factors (among others): (a) the extent of the injury suffered; (b) the need

for the application of force; (c) the relationship between the need and the amount of force used;

(e) the threat reasonably perceived by the defendant; and (f) any efforts made to temper the

severity of a forceful response. 3B O'Malley, Grenig & Lee, *Federal Jury Practice and

Instructions* § 165.23 (5th ed. 2013).

However, Defendants have failed to sufficiently explain what evidence they would seek,

how it is to be obtained, how it is reasonably expected to be material to the action's pending

claims or defenses.  *Cf. Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir.1999) (setting forth

standard governing request for further discovery pending a motion for summary judgment).

Moreover, under the circumstance, the Court has trouble finding a practical difference between

"the scope of the particular intrusion" (for purposes of an unreasonable-search claim) and "the

extent of the injury suffered" (for purposes of an excessive-force claim): here, the answer to both

questions would appear to be the (alleged) skin-on-skin contact with Plaintiff's anus.  The Court

also has trouble finding a practical difference between "the justification for initiating [the

search]" (for purposes of an unreasonable-search claim) and "the need for the application of

force" (for purposes of an excessive-force claim): here, the answer to both questions would

appear to be Plaintiff's prior resistence to arrest and Defendants' fear that he possessed a weapon.

In any event, the Court will return this action to Magistrate Judge Stewart with a directive

that he permit whatever limited additional discovery he deems necessary given the Court's

reframing of Plaintiff's main claim from one of excessive force to one of an unreasonable search

(such as a limited number of supplemental interrogatories and/or a limited supplemental deposition).

ACCORDINGLY, it is

ORDERED that Defendants' motion for reconsideration (Dkt. No. 125) is **DENIED**; and it is further

ORDERED that this action is returned to Magistrate Judge Stewart with a directive that he permit whatever limited additional discovery he deems necessary given the Court's reframing of Plaintiff's main claim from one of excessive force to one of an unreasonable search.

Dated: November 16, 2021
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

16